JOHNSON, Chief Justice,
additionally concurs and assigns reasons.
hi write separately to express my opinion on this issue of consent pursuant to La. R.S. 23:1142(B). As pointed out in the majority opinion, La. R.S. 23:1142(B) does not supply a spéeific formula by which the payor is to signify his consent, and the issue of consent is necessarily determined based on the facts of each case. The record in this case is extremely limited, and the evidence relating to this issue consists of four items:
1) the outstanding bill from IWP in the amount of $13,110.82 for prescription medications dispensed to Mr. Burgess from September 1, 2010, to December 7, 2012;
2) a letter from S & WB dated October 10, 2011, sent to “All Injured Workers” stating:
Sewerage and Water' Board has partnered with Corvel Caremark Pharmacy Program for all Injured Employees. This Pharmacy card will replace any pharmacy program that you may be currently using. It is your responsibility to purchase all medications related to your injury'with the attached pharmacy card. Failure to adhere to this practice may result in non-payment of your Worker’s Compensation medications.
By your signature below you acknowledge that you will adhere.to the Sewerage and Water Board’s Workers’ Compensation Pharmacy Program.
Mr. Burgess signed the letter- on October 18, 2011.
I ?,3) a letter from S & WB to IWP dated April 12, 2012, stating:
Please be advised that your company is not an approved pharmacy provider for the Sewerage and Water Board of New Orleans (“Board”) prescription claims. In October 2011, the Board provided each claimant with a prescription card and the employee is required to use the card for any and all prescription drugs. Therefore, your pharmacy should not accept prescriptions from the Board’s injured workers. If any prescription bills are submitted by your company pay’ment will be denied.
4) a letter from S & WB to IWP dated August 22, 2012, referencing two dates of *1032 service for Mr. Burgess, July 10, 2012, and August 2, 2012:
On October 10, 2011 all injured employees were notified and signed [an] agreement to adhere to [the] pharmacy program. On February 13, 2012 a letter was sent to Attorneys and your company was copied on this memo. Also, on April 12, 2012 a letter was issue[d] directly to your company informing you not to accept prescriptions from Sewerage and Water Board of New Orleans.
Sewerage and Water Board is no longer paying bills submitted from Injured Workers Pharmacy because we have a pharmacy program provide[d] for our injured workers, and your company is not an approved pharmacy provider. Therefore, your request for payment for Darvel Burgess is denied.
It is also relevant that, by S <& WB’s own admission, it paid approximately $12,000 to IWP for prescription expenses incurred by Mr. Burgess over a period of time prior to selecting the Corvel Care-mark Pharmacy program.[1]
Considering the record, and applying the same rationale this court applied in Lafayette Bone & Joint, I would find IWP’s recovery of expenses for medications dispensed to Mr. Burgess after April 12, 2012, is limited by La. R.S. 23:1142(B) to $750 because the medications were clearly dispensed by IWP without the consent of the payor, S & WB. Based on the particular facts of this case, I do not find the October 10, 2011, letter to Mr. Burgess relevant to the consent issue. It is undisputed that S & WB initially paid IWP’s bill, thereby providing tacit consent to Mr. Burgess’ use|sof IWP as a pharmacy provider. Based on the record, there is no evidence IWP was notified or otherwise aware of the withdrawal of that consent prior to the April 12, 2012 letter from S & WB. Thus, I find that until it received this notice, IWP had the consent of S & WB to dispense prescription medications to Mr. Burgess for purposes of La. R.S. 23:1142(B).
Furthermore, although IWP is entitled to reimbursement for prescriptions dispensed to Mr. Burgess prior to April 12, 2012, I note the charges for these medications are still subject to the reasonableness and cost limitations in La. R.S. 23:1203(B). Because there is no evidence in the record on this issue, the OWC must determine the amount of reimbursement due to IWP for charges incurred prior to April 12, 2012.

. At oral argument before this court, counsel for S & WB affirmatively stated S & WB paid over $12,000 to IWP relative to Mr. Burgess’ prescription expenses.